(65 Misc. Rep. 415.)

### In re HIGGINS.

(Surrogate's Court, Kings County. December, 1909.)

1. DIVORCE (§ 328*)—JURISDICTION—CONSTRUCTION OF JUDGMENT.

A judgment in a divorce action in another state not of the marital domicile, reciting that "the defendant having been legally summoned by publication, and having failed to appear, the court find the defendant in default for answer or demurrer to said petition, and find that the allegations thereof are confessed by him to be true," is equivalent to a recital that defendant at no time before the rendition of judgment appeared, as against which a stipulation, made a part of the record, subscribed by defendant's attorney, acknowledging service of notice, cannot operate as an appearance, so as to give the court jurisdiction of defendant's person, requiring recognition in New York of a divorce granted to plaintiff thereunder, and justify her appointment as administratrix of the estate of one whom she subsequently married.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 328.*]

2. JUDGMENT (§ 822*)—FOREIGN JUDGMENT—CONSTRUCTION.

In giving full faith and credit to a record from another state, the exceptional meaning of words must be avoided, unless circumstances require that construction; and, when there are no qualifying facts, the normal and obvious meaning of words should prevail.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 822.*]

Application by Edwin E. Higgins to revoke the letters of administration of Gertrude S. Sharp, otherwise known as Gertrude S. Higgins, as administratrix of Thomas C. Higgins. Letters revoked.

Sparks & Fuller, for petitioner.
Jay & Smith, for administratrix.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KETCHAM, S. This is an application to revoke the letters of the administratrix on the ground that, at the time of her marriage to the intestate, she was the wife of another then living. The answer of the administratrix is that at the time of her marriage to the decedent she had obtained a divorce from her former husband in a court of competent jurisdiction in Ohio.

The question upon which this application depends is whether or not in the action for the divorce there was, in behalf of the defendant therein (the former husband), such appearance as would give to the court jurisdiction over his person. In that action the defendant was served by publication and made default in pleading. Thereafter, and at a time when otherwise the court had no jurisdiction of the defendant's person, the following instrument was made a part of the record of the court in this action:

"Service of the above notice is acknowledged, and proof of the official character of the officer before whom the said depositions may be taken is by agreement waived; also all exceptions as to time.

"Done this 15th day of June, 1892.

"Frederick W. Sharp,
"By John Andrews, His Attorney.
"John Andrews,
"Attorney for Defendant."

The paper last quoted referred to a notice that depositions would be taken to be used as evidence in the trial of the cause; and the defendant, in whose behalf this instrument was signed, has testified in the present proceeding that the attorney who thus signed in his behalf was retained by him to appear for him in the action in question. The judgment entered in that action contained the recital:

"The defendant having been legally summoned by publication and having failed to appear, the court find the defendant in default for answer or demurrer to said petition and find that the allegations thereof are confessed by him to be true."

Whatever might otherwise be the significance of the stipulation signed in the defendant's name, it can have no force against the declaration contained in the judgment that "the defendant has failed to appear." It can scarcely be said that the words "having failed to appear" are susceptible of the meaning that the defendant had failed to appear within the time which had elapsed at the return of the summons, or that the past period contemplated by the word "having" was any particular segment of the entire past. The entry of judgment being dated, and its recitals and decretal provisions all being in the present, the words "having failed" refer to all time preceding the utterance, and are to be regarded as equivalent to "having failed at all time which has passed."

In giving full faith and credit to a record from another state, the exceptional meaning of words must be avoided, unless circumstances require that construction; and, when there are no qualifying facts, the normal and the obvious meaning of words should prevail.

This record asserts that the defendant had not appeared at the time of the judgment, and the court, therefore, had no jurisdiction of the person of the defendant. There is nothing in the pretense that the decree was obtained in the state of marital domicile. It was not.

The letters should be revoked.